IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILLY JONES and MICHAEL JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| - vs. - | ) | No. 08-C-1310 |
| | ) | |
| STEVIE PORTER, HARLAN | ) | |
| HANBROUGH, AURORA LOAN | ) | Judge Hibbler |
| SERVICES, and MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | Magistrate Judge Schenkier |
| SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT MORTGAGE ELECTRONIC
## REGISTRATION SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

Now comes defendant Mortgage Electronic Registration Systems, Inc. ("Defendant" or "MERS"), by and through its undersigned counsel, and for its answer to the complaint (the "Complaint") filed by plaintiffs Lilly Jones and Michael Jones ("Plaintiffs"), alleges as follows.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction) and 15 U.S.C. § 1640 (TILA). The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**Answer:**

Defendant admits that this Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Defendant denies that this case presents appropriate circumstances for an exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims against Defendant. Defendant further denies that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### BACKGROUND

1.    The Plaintiffs, Lilly Jones and Michael Jones, are the owners of and resided in the property commonly known as 7538 S. Wolcott, Chicago, Illinois, hereinafter "Plaintiffs' residence".

**<u>Answer</u>:**

Defendant denies that plaintiffs Lilly Jones ("Lilly") and Michael Jones ("Michael") are the owners of the real property described in paragraph 1 (the "Property"). Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and on that basis denies such allegations.

2.    The deed and mortgage to the Plaintiffs' residence was solely in the name of Lilly Jones.

**<u>Answer</u>:**

Defendant admits that the records of the Cook County Recorder of Deeds reflect that Lilly is named as the grantee in a warranty deed recorded on October 19, 1995 and purporting to convey to Lilly title to the Property. Defendant further admits that the same records reflect that Lilly is named as the grantor of one or more mortgages recorded on or after October 19, 1995 and purporting to convey a lien interest in the Property. Absent further specificity in the allegations of paragraph 2, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation contained in paragraph 2 that is not expressly admitted herein.

3.    Michael Jones, as her husband, maintained an equitable interest in the home.

**<u>Answer</u>:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and on that basis denies such allegations.

2

4.    Michael Jones, is currently disabled due to a medical condition diagnosed as Sleep Apnea.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis denies such allegations.

5.    The Plaintiffs purchased their home in 1995 for $65,000.00.

**Answer:**

Defendant admits that the records of the Cook County Recorder of Deeds reflect that Lilly is named as the grantee in a warranty deed recorded on October 19, 1995 and purporting to convey to Lilly title to the Property.  Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and on that basis denies such allegations.

6.    The Plaintiffs' home currently has a value currently [*sic*] estimated at $180,000.00.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and on that basis denies such allegations.

7.    In June of 2004, it was discovered that the Plaintiffs were delinquent to the Cook County Assessor's Office for unpaid real estate taxes.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and on that basis denies such allegations.

8.    The Estimate of Redemption for the back taxes was approximately $5,100.00.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and on that basis denies such allegations.

9.    The Plaintiffs were approached by the Defendant, Stevie Porter, a purported real estate investor.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and on that basis denies such allegations.

10.    The Plaintiffs had no prior affiliation with the Defendant, Stevie Porter, hereinafter "Porter".

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and on that basis denies such allegations.

11.    Porter loaned the Plaintiffs $5,100.00 on June 29, 2004.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies such allegations.

12.    Porter then mandated that the Lilly Jones execute a Promissory Note to repay the $5,100.00 loan (Exhibit "A").

**Answer:**

Defendant admits that Exhibit A to the Complaint purports to be a Promissory Note in the principal amount of $5,100.00 signed by Lilly. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies such allegations.

4

13.     The loan was to be repaid within thirty six (36) months, on or before
         August 1, 2007 at an 18% interest rate.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 13 and on that basis denies such allegations.

14.     The loan also carried a late fee of $75.00 if the payment was
         submitted after the 10th day of any month.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 14 and on that basis denies such allegations.

15.     Porter also had the [*sic*] Lilly Jones execute a Security Agreement
         which collateralized the Plaintiffs' residence (Exhibit "B" consisting
         of 3 pages).

**Answer:**

Defendant admits that Exhibit B to the Complaint purports to be a Security Agreement

signed by Lilly and conveying a lien interest in the Property.  Except as expressly admitted herein,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 15 and on that basis denies such allegations.

16.     Porter also mandated that the Lilly Jones sign a General Power of
         Attorney dated June 29, 2004 (Exhibit "C").

**Answer:**

Defendant admits that Exhibit C to the Complaint purports to be a General Power of

Attorney signed by Lilly.  Except as expressly admitted herein, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 16

and on that basis denies such allegations.

      17.     Unknown to the Plaintiffs, Porter caused the General Power of Attorney to be recorded on July 26, 2004 as document number 0420848139 (Exhibit "D").

**<u>Answer:</u>**

Defendant admits that Exhibit D to the Complaint purports to be a copy of a General Power

of Attorney recorded in the office of the Cook County Recorder of Deeds on July 26, 2004 as

document number 0420848139.  Except as expressly admitted herein, Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17

and on that basis denies such allegations.

      18.     Porter also mandated that the [*sic*] Lilly Jones sign a Quit Claim Deed dated June 29, 2004 (Exhibit "E").

**<u>Answer:</u>**

Defendant admits that Exhibit E to the Complaint purports to be a Quit Claim Deed dated

June 29, 2004 and signed by Lilly.  Except as expressly admitted herein, Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18

and on that basis denies such allegations.

      19.     Unknown to the Plaintiffs, Porter caused the Quit Claim Deed to be recorded on July 26, 2004 as document number 0420848140 (Exhibit "F").

**<u>Answer:</u>**

Defendant admits that Exhibit F to the Complaint purports to be a copy of a Quit Claim Deed

recorded in the office of the Cook County Recorder of Deeds on July 26, 2004 as document number

0420848140.  Except as expressly admitted herein, Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and on that

basis denies such allegations.

20.    The Plaintiffs were unsophisticated and in the real estate arena and
       did not have a true appreciation for the repercussions of the Quit
       Claim Deed and General Power of Attorney.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 20 and on that basis denies such allegations.

21.    The Plaintiffs trusted Porter and believed that he had their best
       interest at heart.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 21 and on that basis denies such allegations.

22.    The Plaintiffs were operating on the assumption that Porter would
       cancel the Promissory Note upon full payment of the $5,100.00 loan.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 22 and on that basis denies such allegations.

23.    Porter never disclosed the fact that he would sell the Plaintiffs'
       residence.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 23 and on that basis denies such allegations.

24.    The Plaintiffs were unaware that Porter would convey and sell their
       property to an unknown third party.

**<u>Answer</u>:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 24 and on that basis denies such allegations.

    25.     Porter never issued any disclosures required by TILA and HOEPA to
            the Plaintiffs.

**<u>Answer</u>:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 25 and on that basis denies such allegations.

    26.     The Defendant, Harlan Hanbrough [*sic*], hereinafter "Hanbrough"
            [*sic*], purchased the Plaintiffs' home from Porter on or about
            November 14, 2006.

**<u>Answer</u>:**

Defendant admits the allegations contained in paragraph 26.

    27.     The Plaintiffs were always owners in possession of the subject
            premises.

**<u>Answer</u>:**

Defendant denies that Plaintiffs are owners of the subject premises.  Except as expressly

admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 27 and on that basis denies such allegations.

    28.     Plaintiffs' presence should have put Han[s]brough on notice that they
            may have had an equitable interest in the premises.

**<u>Answer</u>:**

Defendant denies the allegations contained in paragraph 28.

    29.     Due diligence on behalf of Han[s]brough, Aurora and MERS would
            have disclosed Plaintiffs' equitable interest in their home.

**<u>Answer:</u>**

Defendant denies the allegations contained in paragraph 29.

30.    The Plaintiffs were unaware of the sale of their home from Porter to Han[s]brough.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and on that basis denies such allegations.

31.    Plaintiffs did not consent to the sale of their home to Han[s]brough.

**<u>Answer:</u>**

Defendant denies the allegations contained in paragraph 31.

32.    The address for Steve Han[s]brough is 9905 S. Commercial Avenue, Chicago, IL 60617.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and on that basis denies such allegations.

33.    Porter issued a Warranty Deed to Han[s]brough.  The Warranty Deed was recorded on December 1, 2006 as document number 0633522008 (Exhibit "G")

**<u>Answer:</u>**

Defendant admits the allegations contained in paragraph 33.

34.    The Defendant, Mortgage Electronic Registration Systems, Inc., hereinafter "MERS".

**<u>Answer:</u>**

Defendant admits that Mortgage Electronic Registration Systems, Inc. ("MERS") is a defendant in this action. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 34.

      35.    MERS issued a $135,000.00 First Mortgage to Han[s]brough. The First Mortgage was recorded on December 1, 2006 as document number 0633522009 (Exhibit "H").

**Answer:**

Defendant admits that Exhibit H to the Complaint is a true and correct copy of a mortgage in the original principal amount of $135,000.00, dated November 14, 2006 and recorded in the office of the Cook County Recorder of Deeds on December 1, 2006 as document number 0633522009. Defendant further admits that Exhibit H reflects that MERS is the mortgagee named therein and in its capacity as mortgagee is acting solely as nominee for Lehman Brothers Bank, FSB, a Federal Savings Bank. Defendant further states that Exhibit H speaks for itself and denies each and every allegation that may be inconsistent with the terms of Exhibit H. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 35.

      36.    The Defendant, MERS is a Virginia Company which performs business in Illinois.

**Answer:**

Defendant admits for purposes of this action that it is subject to jurisdiction and venue in the Northern District of Illinois. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 36.

      37.    The address for MERS is 1595 Spring Hills Road, Suite 310, Vienna, VA 22182.

**Answer:**

Defendant denies the allegations contained in paragraph 37.

38.    Due diligence on behalf of MERS would have disclosed Plaintiffs' equitable interest in their home.

**<u>Answer</u>:**

Defendant denies the allegations contained in paragraph 38.

39.    The Defendant, Aurora Loan Services, hereinafter, "Aurora", is a Colorado Company which performs business in Illinois.

**<u>Answer</u>:**

Defendant denies the allegations contained in paragraph 39.

40.    The address for Aurora Loan Services is, 10350 Park Meadows Drive, Littleton, CO 80124.

**<u>Answer</u>:**

Defendant admits that Aurora Loan Services LLC maintains an address at the location alleged in paragraph 40.  Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 40.

41.    Aurora Loan Services issued a $27,000.00 Second Mortgage to Han[s]brough for the Plaintiffs' property.  The Second Mortgage was recorded on December 1, 2006 as document number 0633522010 (Exhibit "I").

**<u>Answer</u>:**

Defendant denies the allegations contained in paragraph 41.

42.    Due diligence on behalf of Aurora would have disclosed Plaintiffs' equitable interest in their home.

**<u>Answer</u>:**

Defendant denies the allegations contained in paragraph 42.

11

43.    After his purchase of the home in November of 2006, Han[s]brough demanded that the Plaintiffs pay him rent in the amount of $1,400.00 per month.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 43 and on that basis denies such allegations.

44.    The Plaintiffs never entered into a lease agreement with Han[s]brough.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 44 and on that basis denies such allegations.

45.    The Plaintiffs, believing that it was unfair and inequitable to pay rent to Han[s]brough for a home that they owned and did not sell to Han[s]brough; [*sic*] refused to pay rent.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 45 and on that basis denies such allegations.

46.    In 2008, Han[s]brough filed a Forcible Entry and Detainer action against the Plaintiffs as case number 08 Ml 701291.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 46 and on that basis denies such allegations.

47.    On January 30, 2008, Han[s]brough secured an Ex Parte Order For Possession to the Plaintiffs' residence.  Han[s]brough also secured a money judgment against the Plaintiffs in the amount of $4,350.00.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and on that basis denies such allegations.

48.    Han[s]brough never issued any disclosures required by TILA and HOEPA to the Plaintiffs.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and on that basis denies such allegations.

49.    Plaintiffs hereby demands [*sic*] that the loans issued by Aurora and MERS to Han[s]brough be rescinded as Han[s]brough was not a bona fide purchaser and for his violations of the TILA and HOEPA acts.

**Answer:**

Defendant admits that Plaintiffs by their Complaint make the demand alleged in paragraph 49.  Defendant denies that said demand is proper and that Plaintiffs are entitled to have their demand met.  Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 49.

50.    Plaintiffs seek a rescission of the $5,100.00 loan, rescission of the Aurora and MERS mortgages, to Quiet Title against all Defendants based on fraud as well as violations of the TILA and HOEPA acts.

**Answer:**

Defendant admits that Plaintiffs by their Complaint seek rescission as alleged in paragraph 50.  Defendant denies that Plaintiffs are entitled to the relief sought.  Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 50.

51.    No attempt was made by Porter or Han[s]brough to comply with TILA or HOEPA.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and on that basis denies such allegations.

52.    Plaintiffs were not given financial disclosures (15 U.S.C. §1638 and 12 C.F.R. §§226.17-18), the special advances disclosures required by HOEPA (15 U.S.C. §1639 and 12 C.F.R.§226.32(c), or notice of their right to cancel the loan (15 U.S.C. §1635 and 12 C.F.R. §226.23).

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and on that basis denies such allegations.

COUNT I
TILA & HOEPA

53.    Plaintiffs incorporate paragraphs 1-52 into paragraph 53.

**Answer:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the Complaint.

54.    This claim is against Porter and Han[s]brough only.

**Answer:**

Defendant admits that Count I is against Porter and Hansbrough only and states that no further answer is therefore required from Defendant.

55.    Because the Transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

**Answer:**

14

Count I is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.  To the extent that an answer may be required, Defendant denies the allegations contained in paragraph 55.

56.    Porter failed to provide required disclosure of the Plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12C.F.R. §226.23, or the required financial disclosures, in violation of 15 U.S.C. §1637 and 12 C.F.R. §226.18, or the advance disclosures required by HOEPA.

**Answer:**

Count I is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.  To the extent that an answer may be required, Defendant denies the allegations contained in paragraph 56.

57.    Plaintiffs elect to rescind the loan.

**Answer:**

Count I is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.  To the extent that an answer may be required, Defendant admits that Plaintiffs seek to rescind a loan transaction and denies each and every allegation contained in paragraph 57 that is not expressly admitted herein.

58.    Plaintiffs will send Notice of Rescission to the Defendants.

**Answer:**

Count I is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and on that basis denies such allegations.

15

59.    15 U.S.C. §1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this Section, in addition to rescission the court may award relief under section 1640 of this title for violation of this subchapter not relating to the right to Rescind.

**Answer:**

Count I is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.  To the extent that an answer may be required, Defendant denies the allegations contained in paragraph 58 to the extent they are inconsistent with the statute cited therein.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants for:

a.    A judgment voiding Han[s]brough's mortgages and Warranty Deed, capable of recordation in the public records, and binding on all Defendants.
b.    Statutory damages, including the damages prescribed for violation of HOEPA, for the underlying disclosures violations;
c.    If appropriate, statutory damages, including the damages prescribed for violation of HOEPA, for failure to rescind, and
d.    Attorney's fees, litigation expenses and costs.
e.    Such other or further relief as the Court deems appropriate.

**Answer:**

Defendant denies that Plaintiffs are entitled to the relief requested.

<u>COUNT II</u>
BREACH OF FIDUCIARY DUTY

60.    Plaintiffs incorporate paragraphs 1-52.

**Answer:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the Complaint.

16

61.    This claim is against Porter only.

**Answer:**

Defendant admits that Count I is against Porter and Han[s]brough only and states that no further answer is therefore required from Defendant.

62.    Porter violated his fiduciary duty as Plaintiffs' "lender" by:

a.    Acting as such although not licensed to do so
b.    Arranging an unnecessarily expensive loan with a related party;
c.    On information and belief, failing to make diligent efforts to obtain financing elsewhere without disclosure of the fact;
d.    Arranging a loan made in violation of the HOEPA without disclosures of the fact;
e.    Arranging a loan made in violation of the Illinois High Risk Home Loan Act without disclosures of the fact.

**Answer:**

Count II is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and on that basis denies such allegations.

63.    Plaintiffs were damaged as a result

**Answer:**

Count II is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and on that basis denies such allegations.

64.    Defendant acted willfully and knowingly.

**Answer:**

17

Count II is not alleged against and seeks no relief against Defendant and, therefore, no answer is required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and on that basis denies such allegations.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Porter for:

a.    Compensatory and punitive damages;
b.    An accounting of profits;
c.    Costs; and
d.    Such other or further relief as the Court deems appropriate.

**Answer:**

Defendant denies that Plaintiffs are entitled to the relief requested.

COUNT III
EQUITIBLE [*sic*] MORTGAGE
SUIT TO QUIET TITLE

65.    Plaintiffs incorporate paragraphs 1-52.

**Answer:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the Complaint.

66.    This claim is against Aurora, MERS and Han[s]brough only.

**Answer:**

Defendant admits that Count III is alleged against only the parties named in paragraph 66. Defendant denies that Count III alleges a valid claim.

67.    The Deed transferring title from Plaintiffs to Porter and from Porter to Han[s]brough, though formally conveying title, should be properly construed and [*sic*] creating an equitable mortgage.

18

**Answer:**

Defendant denies the allegations contained in paragraph 67.

68.     Plaintiffs' conveyance to Porter was intended as security in the nature
        of a mortgage pursuant to 735 ILCS 5/15-1207(c) and (e).

**Answer:**

Defendant denies the allegations contained in paragraph 68.

69.     Consideration of the above factors warrants the court to construe the
        deed transfer from Plaintiffs to Porter and from Porter to
        Han[s]brough as the granting equitable mortgages, thereby voiding
        the Deed transfers.

**Answer:**

Defendant denies the allegations contained in paragraph 69.

70.     In addition, Porter's conveyance of the home to Han[s]brough is
        voidable because the seller cannot convey better title than the seller
        possesses and, here, Porter did not in fact own the Home but merely
        held an equitable mortgage interest therein, of which Aurora and
        MERS were on notice and, therefore, cannot obtain bona fide
        purchaser or lender status.

**Answer:**

Defendant denies the allegations contained in paragraph 70.

        WHEREFORE, Plaintiffs request that the Court enter judgment in favor of
Plaintiffs and against all Defendants for:

a.      A judgment voiding Han[s]brough's mortgages and Warranty Deed, capable of
        recordation in the public records, and binding on all Defendants and
b.      Attorney's fees, litigation expenses and costs.
c.      Such other or further relief as the Court deems appropriate.

**Answer:**

Defendant denies that Plaintiffs are entitled to the relief requested.

19

<u>COUNT IV</u>
ILLINOIS CONSUMER FRAUD AND DECEPTVE [*sic*] BUSINESS PRACTICES ACT.

71.    Plaintiffs incorporates paragraphs 1-52.

**<u>Answer</u>:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the

Complaint.

72.    Porter's conduct in fraudulently inducing Plaintiffs to collateralize
their home for $5,100.00 and then sell to Han[s]brough for
$162,000.00 constituted an unfair or deceptive act or practice within
the meaning of the Illinois Consumer Fraud and Deceptive Business
Practices Act, 815 ILCS 505/1.

**<u>Answer</u>:**

Count IV does not appear to be alleged against or seek any relief against Defendant and,

therefore, no answer would appear to be required.  To the extent that an answer may be required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 72  and on that basis denies such allegations.

73.    Porter intended that Plaintiffs rely on their unfair or deceptive acts or
practices when they fraudulently induced Plaintiffs to collateralize
their home for $5,100.00.

**<u>Answer</u>:**

Count IV does not appear to be alleged against or seek any relief against Defendant and,

therefore, no answer would appear to be required.  To the extent that an answer may be required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 73 and on that basis denies such allegations.

74.    Porter intentionally failed to disclose that the Property would be sold
to a third party.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and on that basis denies such allegations.

75.   The deceptive acts of Porter as stated above occurred during a course of conduct that involved trade or commerce.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and on that basis denies such allegations.

76.   As a direct result of the unfair and deceptive acts or practices of Porter, Plaintiffs suffered actual economic damages in the amount of Plaintiffs' equity interest in the Property, in addition to the increase costs associated with rental of their property.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and on that basis denies such allegations.

77.   Since the sale of the Property to Han[s]brough, as a direct and proximate result of Porter's fraudulent acts, Plaintiffs have lost their right to inhabit the home they had lived in for many years and lost their ability to repurchase the Property.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and on that basis denies such allegations.

78.    The unfair and deceptive acts or practices of Porter directly and proximately caused Plaintiffs' damages.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and on that basis denies such allegations.

79.    The unfair and deceptive acts of practices of Porter stated above offend the public policy of the State of Illinois.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and on that basis denies such allegations.

80.    The unfair and deceptive acts of practices of Porter as stated above are immoral, unethical, oppressive, and unscrupulous and cause substantial injury to consumers in Illinois.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and on that basis denies such allegations.

      81.    Illinois has a clear public policy against the type of conduct by Porter in conspiring to strip the Property of Plaintiffs' equity.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and on that basis denies such allegations.

      82.    This public policy is expressed in the Illinois Fairness in Lending Act, 815 ILCS 120.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and on that basis denies such allegations.

      83.    Plaintiffs do not bring claims under the Illinois Fairness Lending Act because Porter did not represent a Financial Institution as defined in 815 ILCS 120/2.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and on that basis denies such allegations.

84.     Had Porter disclosed to Plaintiffs that the Property would be sold to a third party, Plaintiffs would not have borrowed the $5,100.00 and collateralized their home.

**<u>Answer</u>:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and on that basis denies such allegations.

85.     As a direct and proximate result of the above violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, Porter is liable to Plaintiffs in the sum of Plaintiffs actual economic damages in addition to reasonable attorney's fees and costs.

**<u>Answer</u>:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and on that basis denies such allegations.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Porter for:

a.     Actual economic damages and
b.     Attorney's fees, litigation expenses and costs.
c.     Such other or further relief as the Court deems appropriate.

**<u>Answer</u>:**

Defendant denies that Plaintiffs are entitled to the relief requested.

<u>Count V</u>
Common Law Fraud

86.     Plaintiffs incorporate paragraphs 1-52.

24

**Answer:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the Complaint.

87.    Porter made false statements of material fact to Plaintiffs that the property would not be sold.

**Answer:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and on that basis denies such allegations.

88.    Porter made misrepresentations of material fact by failing to disclose to Plaintiffs that they would be stripped of the equity they had in their Property.

**Answer:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and on that basis denies such allegations.

89.    Porter knew that the statements made to Plaintiffs as stated above were false and he knew that he would sell the property to a third party and that the Plaintiffs would not be able to repurchase the property.

**Answer:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88

and on that basis denies such allegations.

> 90.    Porter intended that the statements and material omissions would induce Plaintiffs to collateralize their home and issue a Quit Claim Deed to Porter.

**<u>Answer:</u>**

Count V does not appear to be alleged against Defendant and, therefore, no answer would

appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89

and on that basis denies such allegations.

> 91.    Plaintiffs in fact relied on the misrepresentations and material omissions made by Porter.

**<u>Answer:</u>**

Count V does not appear to be alleged against Defendant and, therefore, no answer would

appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90

and on that basis denies such allegations.

> 92.    The misrepresentations and omissions of Porter to Plaintiffs were material in that Plaintiffs would have acted differently had they been aware of the true nature of the real estate transfer.

**<u>Answer:</u>**

Count V does not appear to be alleged against Defendant and, therefore, no answer would

appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91

and on that basis denies such allegations.

93.    As a direct and proximately result of the fraudulent conduct of Porter, Plaintiffs suffered substantial economic damages in that they never received their equity interest in the property, they lost ownership of the Property, and they were forced to incur increased rental costs to Han[s]brough.

**Answer:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 and on that basis denies such allegations.

WTHEIREFORE [*sic*], Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants for:

a.    A judgment voiding Han[s]brough's mortgages and Warranty Deed, capable of recordation in the public records, and binding on all Defendants.
b.    Statutory damages and actual damages and
c.    Attorney's fees, litigation expenses and costs.
d.    Such other or further relief as the Court deems appropriate.

**Answer:**

Defendant denies that Plaintiffs are entitled to the relief requested.

WHEREFORE, Mortgage Electronic Registration Systems, Inc. prays for the entry of an order dismissing with prejudice the Complaint filed by plaintiffs Lilly Jones and Michael Jones, awarding defendant the costs incurred in this action, and granting defendant such further and additional relief as the Court may deem just and appropriate.

Mortgage Electronic Registration Systems, Inc.

By: */s/ James A. Larson*

One of its Attorneys

James A. Larson (ARDC No. 6195947)

27

Larson & Associates, P.C.
230 W. Monroe - Suite 2220
Chicago, IL 60606
(312) 422-1900