IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILLY JONES and MICHAEL JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| - vs. - | ) | No. 08-C-1310 |
| | ) | |
| STEVIE PORTER, HARLAN | ) | |
| HANBROUGH, AURORA LOAN | ) | Judge Hibbler |
| SERVICES, and MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | Magistrate Judge Schenkier |
| SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HARLAN HANSBROUGH'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND CROSS-CLAIM**

Now comes defendant Harlan Hansbrough, sued as Harlan Hanbrough, ("Defendant" or "Hansbrough"), by and through his undersigned attorney, and for his answer, affirmative defenses, counterclaim, and cross-claim to the complaint (the "Complaint") filed by plaintiffs Lilly Jones and Michael Jones ("Plaintiffs"), alleges as follows.

**ANSWER**

JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction) and 15 U.S.C. § 1640 (TILA).  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**Answer:**

Defendant admits that this Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Defendant denies that this case presents appropriate circumstances for an exercise

of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims against Defendant.

Defendant further denies that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

1.    The Plaintiffs, Lilly Jones and Michael Jones, are the owners of and
      resided in the property commonly known as 7538 S. Wolcott,
      Chicago, Illinois, hereinafter "Plaintiffs' residence".

**Answer:**

Defendant denies that plaintiffs Lilly Jones ("Lilly") and Michael Jones ("Michael") are the

owners of the real property described in paragraph 1 (the "Property").  Except as expressly admitted

herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 and on that basis denies such allegations.

2.    The deed and mortgage to the Plaintiffs' residence was solely in the
      name of Lilly Jones.

**Answer:**

Defendant admits that the records of the Cook County Recorder of Deeds reflect that Lilly

is named as the grantee in a warranty deed recorded on October 19, 1995 and purporting to convey

to Lilly title to the Property.  Defendant further admits that the same records reflect that Lilly is

named as the grantor of one or more mortgages recorded on or after October 19, 1995 and purporting

to convey a lien interest in the Property.  Absent further specificity in the allegations of paragraph

2, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said

allegations and on that basis denies each and every allegation contained in paragraph 2 that is not

expressly admitted herein.

3.      Michael Jones, as her husband, maintained an equitable interest in the
        home.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 and on that basis denies such allegations.

4.      Michael Jones, is currently disabled due to a medical condition
        diagnosed as Sleep Apnea.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4 and on that basis denies such allegations.

5.      The Plaintiffs purchased their home in 1995 for $65,000.00.

**Answer:**

Defendant admits that the records of the Cook County Recorder of Deeds reflect that Lilly

is named as the grantee in a warranty deed recorded on October 19, 1995 and purporting to convey

to Lilly title to the Property.  Except as expressly admitted herein, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and

on that basis denies such allegations.

6.      The Plaintiffs' home currently has a value currently [*sic*] estimated at
        $180,000.00.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 6 and on that basis denies such allegations.

7.      In June of 2004, it was discovered that the Plaintiffs were delinquent
        to the Cook County Assessor's Office for unpaid real estate taxes.

3

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and on that basis denies such allegations.

8.     The Estimate of Redemption for the back taxes was approximately $5,100.00.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and on that basis denies such allegations.

9.     The Plaintiffs were approached by the Defendant, Stevie Porter, a purported real estate investor.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and on that basis denies such allegations.

10.     The Plaintiffs had no prior affiliation with the Defendant, Stevie Porter, hereinafter "Porter".

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and on that basis denies such allegations.

11.     Porter loaned the Plaintiffs $5,100.00 on June 29, 2004.

**<u>Answer:</u>**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies such allegations.

12.     Porter then mandated that the Lilly Jones execute a Promissory Note to repay the $5,100.00 loan (Exhibit "A").

**Answer:**

Defendant admits that Exhibit A to the Complaint purports to be a Promissory Note in the principal amount of $5,100.00 signed by Lilly. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies such allegations.

13.    The loan was to be repaid within thirty six (36) months, on or before August 1, 2007 at an 18% interest rate.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and on that basis denies such allegations.

14.    The loan also carried a late fee of $75.00 if the payment was submitted after the 10th day of any month.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and on that basis denies such allegations.

15.    Porter also had the [*sic*] Lilly Jones execute a Security Agreement which collateralized the Plaintiffs' residence (Exhibit "B" consisting of 3 pages).

**Answer:**

Defendant admits that Exhibit B to the Complaint purports to be a Security Agreement signed by Lilly and conveying a lien interest in the Property. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and on that basis denies such allegations.

5

16.     Porter also mandated that the Lilly Jones sign a General Power of Attorney dated June 29, 2004 (Exhibit "C").

**Answer:**

Defendant admits that Exhibit C to the Complaint purports to be a General Power of Attorney signed by Lilly.  Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and on that basis denies such allegations.

17.     Unknown to the Plaintiffs, Porter caused the General Power of Attorney to be recorded on July 26, 2004 as document number 0420848139 (Exhibit "D").

**Answer:**

Defendant admits that Exhibit D to the Complaint purports to reflect that a General Power of Attorney was recorded in the office of the Cook County Recorder of Deeds on July 26, 2004 as document number 0420848139 and that such a document was recorded on the date alleged and assigned the document number alleged in paragraph 17.  Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and on that basis denies such allegations.

18.     Porter also mandated that the [*sic*] Lilly Jones sign a Quit Claim Deed dated June 29, 2004 (Exhibit "E").

**Answer:**

Defendant admits that Exhibit E to the Complaint purports to be a Quit Claim Deed dated June 29, 2004 and signed by Lilly.  Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and on that basis denies such allegations.

19.     Unknown to the Plaintiffs, Porter caused the Quit Claim Deed to be recorded on July 26, 2004 as document number 0420848140 (Exhibit "F").

**<u>Answer</u>:**

Defendant admits that Exhibit F to the Complaint purports to reflect that a Quit Claim Deed was recorded in the office of the Cook County Recorder of Deeds on July 26, 2004 as document number 0420848140 and that such a document was recorded on the date alleged and assigned the document number alleged in paragraph 19. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and on that basis denies such allegations.

20.     The Plaintiffs were unsophisticated and in the real estate arena and did not have a true appreciation for the repercussions of the Quit Claim Deed and General Power of Attorney.

**<u>Answer</u>:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and on that basis denies such allegations.

21.     The Plaintiffs trusted Porter and believed that he had their best interest at heart.

**<u>Answer</u>:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and on that basis denies such allegations.

22.     The Plaintiffs were operating on the assumption that Porter would cancel the Promissory Note upon full payment of the $5,100.00 loan.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 22 and on that basis denies such allegations.

    23.    Porter never disclosed the fact that he would sell the Plaintiffs' residence.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 23 and on that basis denies such allegations.

    24.    The Plaintiffs were unaware that Porter would convey and sell their property to an unknown third party.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 24 and on that basis denies such allegations.

    25.    Porter never issued any disclosures required by TILA and HOEPA to the Plaintiffs.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 25 and on that basis denies such allegations.

    26.    The Defendant, Harlan Hanbrough [*sic*], hereinafter "Hanbrough" [*sic*], purchased the Plaintiffs' home from Porter on or about November 14, 2006.

**Answer:**

Defendant admits the allegations contained in paragraph 26.

27.     The Plaintiffs were always owners in possession of the subject premises.

**Answer:**

Defendant denies that Plaintiffs are owners of the subject premises. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and on that basis denies such allegations.

28.     Plaintiffs' presence should have put Han[s]brough on notice that they may have had an equitable interest in the premises.

**Answer:**

Defendant denies the allegations contained in paragraph 28.

29.     Due diligence on behalf of Han[s]brough, Aurora and MERS would have disclosed Plaintiffs' equitable interest in their home.

**Answer:**

Defendant denies the allegations contained in paragraph 29.

30.     The Plaintiffs were unaware of the sale of their home from Porter to Han[s]brough.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and on that basis denies such allegations.

31.     Plaintiffs did not consent to the sale of their home to Han[s]brough.

**Answer:**

Defendant denies the allegations contained in paragraph 31.

32.    The address for Steve Han[s]brough is 9905 S. Commercial Avenue,
       Chicago, IL 60617.

**Answer:**

Defendant admits the allegations contained in paragraph 32 and on that basis denies such

allegations.

33.    Porter issued a Warranty Deed to Han[s]brough. The Warranty Deed
       was recorded on December 1, 2006 as document number 0633522008
       (Exhibit "G")

**Answer:**

Defendant admits the allegations contained in paragraph 33.

34.    The Defendant, Mortgage Electronic Registration Systems, Inc.,
       hereinafter "MERS".

**Answer:**

Defendant admits that Mortgage Electronic Registration Systems, Inc. ("MERS") is a

defendant in this action. Except as expressly admitted herein, Defendant denies the allegations

contained in paragraph 34.

35.    MERS issued a $135,000.00 First Mortgage to Han[s]brough. The
       First Mortgage was recorded on December 1, 2006 as document
       number 0633522009 (Exhibit "H").

**Answer:**

Defendant admits that Exhibit H to the Complaint purports to reflect that a mortgage in the

original principal amount of $135,000.00 dated November 14, 2006 was recorded in the office of

the Cook County Recorder of Deeds on December 1, 2006 as document number 0633522009.

Defendant further admits that said mortgage was recorded on the date alleged and assigned the

document number alleged in paragraph 35 and that MERS is the mortgagee named therein and in

10

its capacity as mortgagee is acting solely as nominee for Lehman Brothers Bank, FSB, a Federal

Savings Bank. Defendant further states that the mortgage identified in Exhibit H speaks for itself

and denies each and every allegation that may be inconsistent with the terms of said mortgage.

Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 35.

36.    The Defendant, MERS is a Virginia Company which performs
business in Illinois.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 36 and on that basis denies such allegations.

37.    The address for MERS is 1595 Spring Hills Road, Suite 310, Vienna,
VA 22182.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 37 and on that basis denies such allegations.

38.    Due diligence on behalf of MERS would have disclosed Plaintiffs'
equitable interest in their home.

**Answer:**

Defendant denies the allegations contained in paragraph 38.

39.    The Defendant, Aurora Loan Services, hereinafter, "Aurora", is a
Colorado Company which performs business in Illinois.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 39 and on that basis denies such allegations.

11

40.     The address for Aurora Loan Services is, 10350 Park Meadows
Drive, Littleton, CO 80124.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 40 and on that basis denies such allegations.

41.     Aurora Loan Services issued a $27,000.00 Second Mortgage to
Han[s]brough for the Plaintiffs' property. The Second Mortgage was
recorded on December 1, 2006 as document number 0633522010
(Exhibit "I").

**Answer:**

Defendant admits that Exhibit I to the Complaint purports to reflect that a subordinate

mortgage in the original principal amount of $27,000.00 dated November 14, 2006 was recorded in

the office of the Cook County Recorder of Deeds on December 1, 2006 as document number

0633522010 and that such a mortgage was recorded on the date alleged and assigned the document

number alleged in paragraph 41. Defendant further admits that MERS is the mortgagee named in

said mortgage and in its capacity as mortgagee is acting solely as nominee for Lehman Brothers

Bank, FSB, a Federal Savings Bank. Defendant further states that the mortgage identified in Exhibit

I speaks for itself and denies each and every allegation that may be inconsistent with the terms of

said mortgage. Except as expressly admitted herein, Defendant denies the allegations contained in

paragraph 41.

42.     Due diligence on behalf of Aurora would have disclosed Plaintiffs'
equitable interest in their home.

**Answer:**

Defendant denies the allegations contained in paragraph 42.

43.     After his purchase of the home in November of 2006, Han[s]brough
        demanded that the Plaintiffs pay him rent in the amount of $1,400.00
        per month.

**Answer:**

Defendant admits meeting with Plaintiffs after Defendant's purchase of the Property and

agreeing with Plaintiffs that they would pay Defendant rent in the amount of $1,400.00 per month.

Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 43.

44.     The Plaintiffs never entered into a lease agreement with
        Han[s]brough.

**Answer:**

Defendant admits that he never entered into a written lease with Plaintiffs.  Except as

expressly admitted herein, Defendant denies the allegations contained in paragraph 44.

45.     The Plaintiffs, believing that it was unfair and inequitable to pay rent
        to Han[s]brough for a home that they owned and did not sell to
        Han[s]brough; [*sic*] refused to pay rent.

**Answer:**

Defendant admits that beginning with the monthly rent payment due on November 1, 2007,

and after paying rent since December 1, 2006, Plaintiffs failed and refused to pay any further rent.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations

concerning what Plaintiffs believed or currently believe and on that basis denies such allegations.

Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 45.

46.     In 2008, Han[s]brough filed a Forcible Entry and Detainer action
        against the Plaintiffs as case number 08 Ml 701291.

**Answer:**

Defendant admits the allegations contained in paragraph 46.

47. On January 30, 2008, Han[s]brough secured an Ex Parte Order For Possession to the Plaintiffs' residence. Han[s]brough also secured a money judgment against the Plaintiffs in the amount of $4,350.00.

**<u>Answer</u>:**

Defendant admits the allegations contained in paragraph 47.

48. Han[s]brough never issued any disclosures required by TILA and HOEPA to the Plaintiffs.

**<u>Answer</u>:**

Defendant admits that he never made to Plaintiffs any of the disclosures provided for in the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA"), as amended by the Homeowners Equity Protection Act, 15 U.S.C. §§ 1602(aa) and 1639 ("HOEPA"). Defendant denies that either TILA or HOEPA required him to make any disclosures to Plaintiffs. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 48.

49. Plaintiffs hereby demands [*sic*] that the loans issued by Aurora and MERS to Han[s]brough be rescinded as Han[s]brough was not a bona fide purchaser and for his violations of the TILA and HOEPA acts.

**<u>Answer</u>:**

Defendant admits that Plaintiffs by their Complaint make the demand alleged in paragraph 49. Defendant denies that said demand is proper and that Plaintiffs are entitled to have their demand met. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 49.

50. Plaintiffs seek a rescission of the $5,100.00 loan, rescission of the Aurora and MERS mortgages, to Quiet Title against all Defendants based on fraud as well as violations of the TILA and HOEPA acts.

**Answer:**

Defendant admits that Plaintiffs by their Complaint seek rescission as alleged in paragraph 50. Defendant denies that Plaintiffs are entitled to the relief sought. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 50.

51.     No attempt was made by Porter or Han[s]brough to comply with
        TILA or HOEPA.

**Answer:**

Defendant admits that he made no attempt to comply with TILA or HOEPA. Defendant denies that he was required to comply with TILA or HOEPA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 and on that basis denies such allegations.

52.     Plaintiffs were not given financial disclosures (15 U.S.C. §1638 and
        12 C.F.R. §§226.17-18), the special advances disclosures required by
        HOEPA (15 U.S.C. §1639 and 12 C.F.R. §226.32(c), or notice of their
        right to cancel the loan (15 U.S.C. §1635 and 12 C.F.R. §226.23).

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and on that basis denies such allegations.

<u>COUNT I</u>
TILA & HOEPA

53.     Plaintiffs incorporate paragraphs 1-52 into paragraph 53.

**Answer:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the Complaint.

15

54.    This claim is against Porter and Han[s]brough only.

**Answer:**

Defendant admits that Count I is alleged against only the parties named in paragraph 54.

Defendant denies that Count I alleges a valid claim.

55.    Because the Transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

**Answer:**

Defendant denies the allegations contained in paragraph 55.

56.    Porter failed to provide required disclosure of the Plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12C.F.R. §226.23, or the required financial disclosures, in violation of 15 U.S.C. §1637 and 12 C.F.R. §226.18, or the advance disclosures required by HOEPA.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and on that basis denies such allegations.

57.    Plaintiffs elect to rescind the loan.

**Answer:**

Defendant admits that Plaintiffs seek to rescind a loan transaction and denies each and every allegation contained in paragraph 57 that is not expressly admitted herein.

58.    Plaintiffs will send Notice of Rescission to the Defendants.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 58  and on that basis denies such allegations.

59.    15 U.S.C. §1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this
Section, in addition to rescission the court may award relief under
section 1640 of this title for violation of this subchapter not relating
to the right to Rescind.

**Answer:**

Defendant denies the allegations contained in paragraph 59 to the extent they are inconsistent

with the statute cited therein.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of
Plaintiffs and against Defendants for:

a.    A judgment voiding Han[s]brough's mortgages and Warranty Deed, capable of
recordation in the public records, and binding on all Defendants.
b.    Statutory damages, including the damages prescribed for violation of HOEPA, for
the underlying disclosures violations;
c.    If appropriate, statutory damages, including the damages prescribed for violation of
HOEPA, for failure to rescind, and
d.    Attorney's fees, litigation expenses and costs.
e.    Such other or further relief as the Court deems appropriate.

**Answer:**

Defendant denies that Plaintiffs are entitled to the relief requested.

17

<u>COUNT II</u>
BREACH OF FIDUCIARY DUTY

60.    Plaintiffs incorporate paragraphs 1-52.

**<u>Answer</u>:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the

Complaint.

61.    This claim is against Porter only.

**<u>Answer</u>:**

Defendant admits that Count II is against Porter only and states that no further answer is

therefore required from Defendant.

62.    Porter violated his fiduciary duty as Plaintiffs' "lender" by:

a.    Acting as such although not licensed to do so
b.    Arranging an unnecessarily expensive loan with a related party;
c.    On information and belief, failing to make diligent efforts to obtain financing elsewhere without disclosure of the fact;
d.    Arranging a loan made in violation of the HOEPA without disclosures of the fact;
e.    Arranging a loan made in violation of the Illinois High Risk Home Loan Act without disclosures of the fact.

**<u>Answer</u>:**

Count II is not alleged against and seeks no relief against Defendant and, therefore, no answer

is required.    To the extent that an answer may be required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 62

and on that basis denies such allegations.

63.    Plaintiffs were damaged as a result

**Answer:**

Count II is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.   To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and on that basis denies such allegations.

64.    Defendant acted willfully and knowingly.

**Answer:**

Count II is not alleged against and seeks no relief against Defendant and, therefore, no answer is required.   To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and on that basis denies such allegations.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Porter for:

a.    Compensatory and punitive damages;
b.    An accounting of profits;
c.    Costs; and
d.    Such other or further relief as the Court deems appropriate.

**Answer:**

Defendant denies that Plaintiffs are entitled to the relief requested.

<u>COUNT III</u>
EQUITIBLE [*sic*] MORTGAGE
SUIT TO QUIET TITLE

65.     Plaintiffs incorporate paragraphs 1-52.

**<u>Answer</u>:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the

Complaint.

66.     This claim is against Aurora, MERS and Han[s]brough only.

**<u>Answer</u>:**

Defendant admits that Count III is alleged against only the parties named in paragraph 66.

Defendant denies that Count III alleges a valid claim.

67.     The Deed transferring title from Plaintiffs to Porter and from Porter
        to Han[s]brough, though formally conveying title, should be properly
        construed and [*sic*] creating an equitable mortgage.

**<u>Answer</u>:**

Defendant denies the allegations contained in paragraph 67.

68.     Plaintiffs' conveyance to Porter was intended as security in the nature
        of a mortgage pursuant to 735 ILCS 5/15-1207(c) and (e).

**<u>Answer</u>:**

Defendant denies the allegations contained in paragraph 68.

69.     Consideration of the above factors warrants the court to construe the
        deed transfer from Plaintiffs to Porter and from Porter to
        Han[s]brough as the granting equitable mortgages, thereby voiding
        the Deed transfers.

**<u>Answer</u>:**

Defendant denies the allegations contained in paragraph 69.

20

70.    In addition, Porter's conveyance of the home to Han[s]brough is voidable because the seller cannot convey better title than the seller possesses and, here, Porter did not in fact own the Home but merely held an equitable mortgage interest therein, of which Aurora and MERS were on notice and, therefore, cannot obtain bona fide purchaser or lender status.

**<u>Answer:</u>**

Defendant denies the allegations contained in paragraph 70.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against all Defendants for:

a.    A judgment voiding Han[s]brough's mortgages and Warranty Deed, capable of recordation in the public records, and binding on all Defendants and
b.    Attorney's fees, litigation expenses and costs.
c.    Such other or further relief as the Court deems appropriate.

**<u>Answer:</u>**

Defendant denies that Plaintiffs are entitled to the relief requested.

<u>COUNT IV</u>
ILLINOIS CONSUMER FRAUD AND DECEPTVE [*sic*] BUSINESS PRACTICES ACT.

71.    Plaintiffs incorporates paragraphs 1-52.

**<u>Answer:</u>**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the

Complaint.

72.    Porter's conduct in fraudulently inducing Plaintiffs to collateralize their home for $5,100.00 and then sell to Han[s]brough for $162,000.00 constituted an unfair or deceptive act or practice within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72  and on that basis denies such allegations.

73.    Porter intended that Plaintiffs rely on their unfair or deceptive acts or practices when they fraudulently induced Plaintiffs to collateralize their home for $5,100.00.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and on that basis denies such allegations.

74.    Porter intentionally failed to disclose that the Property would be sold to a third party.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and on that basis denies such allegations.

75.    The deceptive acts of Porter as stated above occurred during a course of conduct that involved trade or commerce.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and on that basis denies such allegations.

76.    As a direct result of the unfair and deceptive acts or practices of Porter, Plaintiffs suffered actual economic damages in the amount of Plaintiffs' equity interest in the Property, in addition to the increase costs associated with rental of their property.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and on that basis denies such allegations.

77.    Since the sale of the Property to Han[s]brough, as a direct and proximate result of Porter's fraudulent acts, Plaintiffs have lost their right to inhabit the home they had lived in for many years and lost their ability to repurchase the Property.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and on that basis denies such allegations.

78.    The unfair and deceptive acts or practices of Porter directly and proximately caused Plaintiffs' damages.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and on that basis denies such allegations.

79.    The unfair and deceptive acts of practices of Porter stated above
         offend the public policy of the State of Illinois.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and on that basis denies such allegations.

80.    The unfair and deceptive acts of [*sic*] practices of Porter as stated
         above are immoral, unethical, oppressive, and unscrupulous and
         cause substantial injury to consumers in Illinois.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and on that basis denies such allegations.

81.    Illinois has a clear public policy against the type of conduct by Porter
         in conspiring to strip the Property of Plaintiffs' equity.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and on that basis denies such allegations.

82.    This public policy is expressed in the Illinois Fairness in Lending Act, 815 ILCS 120.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and on that basis denies such allegations.

83.    Plaintiffs do not bring claims under the Illinois Fairness Lending Act because Porter did not represent a Financial Institution as defined in 815 ILCS 120/2.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and on that basis denies such allegations.

84.    Had Porter disclosed to Plaintiffs that the Property would be sold to a third party, Plaintiffs would not have borrowed the $5,100.00 and collateralized their home.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and on that basis denies such allegations.

85.     As a direct and proximate result of the above violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, Porter is liable to Plaintiffs in the sum of Plaintiffs actual economic damages in addition to reasonable attorney's fees and costs.

**Answer:**

Count IV does not appear to be alleged against or seek any relief against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and on that basis denies such allegations.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Porter for:

a.     Actual economic damages and
b.     Attorney's fees, litigation expenses and costs.
c.     Such other or further relief as the Court deems appropriate.

**Answer:**

Defendant denies that Plaintiffs are entitled to the relief requested.

<u>Count V</u>
Common Law Fraud

86.    Plaintiffs incorporate paragraphs 1-52.

**<u>Answer</u>:**

Defendant incorporates by reference herein its answers to paragraphs 1 through 52 of the

Complaint.

87.    Porter made false statements of material fact to Plaintiffs that the
property would not be sold.

**<u>Answer</u>:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would

appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and

on that basis denies such allegations.

88.    Porter made misrepresentations of material fact by failing to disclose
to Plaintiffs that they would be stripped of the equity they had in their
Property.

**<u>Answer</u>:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would

appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 and

on that basis denies such allegations.

89.    Porter knew that the statements made to Plaintiffs as stated above
were false and he knew that he would sell the property to a third party
and that the Plaintiffs would not be able to repurchase the property.

**Answer:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and on that basis denies such allegations.

90. Porter intended that the statements and material omissions would induce Plaintiffs to collateralize their home and issue a Quit Claim Deed to Porter.

**Answer:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 and on that basis denies such allegations.

91. Plaintiffs in fact relied on the misrepresentations and material omissions made by Porter.

**Answer:**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required. To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 and on that basis denies such allegations.

92. The misrepresentations and omissions of Porter to Plaintiffs were material in that Plaintiffs would have acted differently had they been aware of the true nature of the real estate transfer.

**<u>Answer:</u>**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 and on that basis denies such allegations.

> 93.    As a direct and proximately result of the fraudulent conduct of Porter, Plaintiffs suffered substantial economic damages in that they never received their equity interest in the property, they lost ownership of the Property, and they were forced to incur increased rental costs to Han[s]brough.

**<u>Answer:</u>**

Count V does not appear to be alleged against Defendant and, therefore, no answer would appear to be required.  To the extent that an answer may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 and on that basis denies such allegations.

WTHEIREFORE [*sic*], Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants for:

a.    A judgment voiding Han[s]brough's mortgages and Warranty Deed, capable of recordation in the public records, and binding on all Defendants.
b.    Statutory damages and actual damages and
c.    Attorney's fees, litigation expenses and costs.
d.    Such other or further relief as the Court deems appropriate.

**<u>Answer:</u>**

Defendant denies that Plaintiffs are entitled to the relief requested.

WHEREFORE, defendant Harlan Hansbrough, sued as Harlan Hanbrough, prays for the entry of an order dismissing with prejudice the Complaint filed by plaintiffs Lilly Jones and Michael

Jones, awarding defendant the costs incurred in this action, and granting defendant such further and additional relief as the Court may deem just and appropriate.

### AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND CROSS-CLAIM

Now comes defendant Harlan Hansbrough, sued as Harlan Hanbrough, by and through his undersigned attorney, and for his affirmative defenses, counterclaim, and cross-claim to the complaint (the "Complaint") filed by plaintiffs Lilly Jones and Michael Jones ("Plaintiffs"), alleges as follows.

### Allegations Common to All Defenses, Counterclaims, and Cross-Claims

1.      Pursuant to a deed dated October 13, 1995, Lilly Jones a/k/a Lilly R. Jones ("Lilly") as an unmarried woman acquired record title to certain real property (the "Property") commonly known as 7538 South Wolcott Avenue, Chicago, Illinois 60620 and legally described as:

> Lot 13 in Englefield, Being a Subdivision of the Southeast 1/4 of Section 30, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois
>
> Permanent Index No. 20-30-401-032-0000.

2.      On October 19, 1998, Lilly as an unmarried woman executed and delivered to Parkway Mortgage, Inc. ("Parkway") a residential real property mortgage (the "Parkway Mortgage").

3.      The Parkway Mortgage conveyed to Parkway a first priority lien interest in the Property and secured payment of a promissory note contemporaneously executed and delivered to Parkway by Lilly (the "Parkway Note").

4.      The Parkway Mortgage was recorded in the office of the Cook County Recorder of Deeds on November 6, 1998 as document number 08001865.

5.      The Parkway Mortgage encumbered whatever interest, if any, Lilly's husband Michael Jone ("Michael") may have in the Property.

6.      In a series of assignments, the Parkway Note and Parkway Mortgage were assigned to Nationscredit Financial Services Corporation, then to JPMorgan Chase Bank as Trustee of the Security National Mortgage Loan Trust, and then to Wells Fargo Bank.

7.      On June 29, 2004, Lilly executed and delivered to Stevie Porter ("Porter") a General Power of Attorney (the "POA").  A copy of the POA is attached to the Complaint as Exhibit C.

8.      The POA was recorded in the office of the Cook County Recorder of Deeds on July 26, 2004 as document number 0420848139.

9.      On July 26, 2004, Porter recorded in the office of the Cook County Recorder of Deeds as document number 0420848140 a Quitclaim Deed executed by Lilly and conveying to Porter all of Lilly's right, title, and interest in the Property.  A copy of the Quitclaim Deed is attached to the Complaint as Exhibit E.

10.      The POA granted to Porter actual or apparent authority to act on behalf of Lilly in all relevant matters, including the execution and/or recording of the Quitclaim Deed and the disposition of the Property.

11.      On November 14, 2006, Porter executed and delivered to defendant Harlan Hansbrough ("Hansbrough") a Warranty Deed conveying the Property to Hansbrough in fee simple absolute.  A copy of the Warranty Deed is attached hereto as Exhibit A.

12.      In reliance on the Warranty Deed, the POA, and other instruments of record, defendant Hansbrough paid Porter $180,000.00 to acquire title to the Property.

13.    On December 1, 2006 the Warranty Deed was recorded in the office of the Cook County Recorder of Deeds as document number 0633522008.

## First Affirmative Defense
### (Illinois Power of Attorney Act)

14.    Hansbrough incorporates by reference herein paragraphs 1 through 13 of the Allegations Common to All Defenses, Counterclaims, and Cross-Claims.

15.    The Illinois Power of Attorney Act, 745 ILCS 45/1-1, (the "Act") provides in part that "[a]ny person who acts in good faith reliance on" a purported power of attorney "will be fully protected and released to the same extent as though the reliant had dealt directly with the named principal as a fully-competent person. . . . " 745 ILCS 45/2-8.

16.    The Act further provides that "[a]ny person dealing with an agent named in" a purported power of attorney "may presume, in the absence of actual knowledge to the contrary, that . . . the relevant powers of the named agent were properly and validly granted . . . and the acts of the named agent conform to the standards of [the Act]." *Id*.

17.    At the time Hansbrough purchased the Property from Porter, Hansbrough had no actual knowledge that Porter was acting or ever acted in any way contrary to the authority granted by the POA.

18.    Pursuant to the Act, Hansbrough's interest in the Property is protected as fully as if he had dealt directly with Lilly.

19.    In light of the foregoing, the Complaint should be dismissed as to Hansbrough.

## Second Affirmative Defense
### (Estoppel)

20.     Hansbrough incorporates by reference herein paragraphs 1 through 13 of the Allegations Common to All Defenses, Counterclaims, and Cross-Claims.

21.     In or about early October 2006, Hansbrough visited the Property in contemplation of a possible purchase.

22.     While at the Property, Hansbrough conducted a walk-through inspection of the interior.

23.     Both Lilly and Michael were present when Hansbrough made his inspection of the interior of the Property.

24.     Hansbrough informed Plaintiffs that he was making his inspection in contemplation of a possible purchase of the Property.

25.     In response, Plaintiffs advised Hansbrough that they desired to remain living at the Property and hoped they would be able to rent from him.

26.     Hansbrough informed Plaintiffs that they could rent the Property from him and remain living there, subject to completion of the purchase and an agreement concerning rental terms.

27.     At no time on or before November 14, 2006 did Lilly or Michael ever inform Hansbrough that either of them ever held any interest in the Property other than as tenants.

28.      Plaintiffs' failure to advise Hansbrough that they claimed legal title to the Property was material to Hansbrough's decision to purchase the Property from Porter for $180,000.00.

29.     Plaintiffs are estopped by their conduct from asserting that they are the legal owners of the Property.

### Third Affirmative Defense
### (Ratification)

30.     Hansbrough incorporates by reference herein paragraphs 1 through 13 of the Allegations Common to All Defenses, Counterclaims, and Cross-Claims.

31.     Shortly after his November 14, 2006 purchase of the Property, Hansbrough met with Lilly at the Property to discuss rental terms.

32.     Hansbrough requested that Plaintiffs pay him monthly rental of $1,400.00.

33.     Lilly agreed to Hansbrough's request.

34.     Beginning on December 1, 2006 and continuing through November 1, 2007, Plaintiffs made regular monthly rental payments of $1,400.00 to Hansbrough.

35.     On December 1, 2007, Plaintiffs refused to pay Hansbrough any more rent.

36.     By their conduct, Plaintiffs ratified the sale of the Property to Hansbrough and are estopped from denying Hansbrough's title to the Property.

WHEREFORE, defendant Harlan Hansbrough, sued as Harlan Hanbrough, prays for the entry of an order dismissing with prejudice the Complaint filed by plaintiffs Lilly Jones a/k/a Lilly R. Jones and Michael Jones, awarding defendant the costs incurred in this action, and granting defendant such further and additional relief as the Court may deem just and appropriate.

### COUNTERCLAIM
### (Unjust Enrichment)

1.     Hansbrough incorporates by reference herein paragraphs 1 through 13 of the Allegations Common to All Defenses, Counterclaims, and Cross-Claims.

2.     As of November 14, 2006, the Parkway Mortgage secured an outstanding balance of $114,328.86 due pursuant the terms of the Parkway Note.

3.      From the funds paid by Hansbrough to purchase the Property, $114,328.86 was paid to the holder of the Parkway Note and Parkway Mortgage to satisfy the lien of the Parkway Mortgage.

4.      Subsequent to the payments described above, Lilly and Michael asserted that the POA and Quitclaim Deed were ineffective to convey to Porter title to the Property and that they remains the rightful owners of the Property.

5.      If Lilly and Michael prevail in their assertion that they are the rightful owners of the Property, Plaintiff will be deprived of title to the Property.

6.       If Lilly and Michael prevail in their assertion that they are the rightful owners of the Property, they will enjoy a benefit of not less than $114,328.86, plus interest that would have accrued pursuant to the terms of the Parkway Note and Parkway Mortgage since November 16, 2006.

7.      If Lilly and Michael prevail in their assertion that they are the rightful owners of the Property, Hansbrough will suffer a detriment of at least $180,000.00.

8.      It would be unjust to allow Lilly and Michael to retain the benefit she obtained to the detriment of Hansbrough.

9.      In the event Lilly and Michael prevail in their assertion that they are the rightful owners of the Property, judgment should be entered in favor of Hansbrough and against Lilly and Michael in an amount to be determined at trial but not less than $114,328.86 plus interest thereon since November 14, 2006.

WHEREFORE, defendant Harlan Hansbrough, sued as Harlan Hanbrough, prays for the entry of an order awarding judgment against in favor of defendant Harlan Hansbrough and against plaintiffs Lilly Jones a/k/a Lilly R. Jones and Michael Jones in an amount to be determined at trial

but not less than $114,328.86, awarding defendant the costs incurred in this action, and granting defendant such further and additional relief as the Court may deem just and appropriate.

## CROSS-CLAIM
### (Breach of Warranty)

1.      Hansbrough incorporates by reference herein paragraphs 1 through 13 of the Allegations Common to All Defenses, Counterclaims, and Cross-Claims.

2.      Pursuant to the terms of the Warranty Deed and Section 9 of the Illinois Conveyances Act, 765 ILCS 5/9, Porter covenanted and warranted among other things that he was the lawful owner of an indefeasible estate in fee simple in and to the Property and had good right and full power to convey the Property.

3.      Plaintiffs' claims to the Property constitute a breach of the covenants and warranties of the Warranty Deed.

4.      As a result of the breach of the covenants and warranties of the Warranty Deed, Hansbrough has been damaged in an amount to be determined at trial but not less than $180,000.00.

WHEREFORE, defendant Harlan Hansbrough, sued as Harlan Hanbrough, prays for the entry of an order awarding judgment against in favor of defendant Harlan Hansbrough and against defendant Stevie Porter in an amount to be determined at trial but not less than $180,000.00, awarding defendant the costs incurred in this action, and granting defendant such further and additional relief as the Court may deem just and appropriate.

Harlan Hansbrough

By: */s/ James A. Larson*

One of its Attorneys

James A. Larson (ARDC No. 6195947)
Larson & Associates, P.C.
230 W. Monroe - Suite 2220
Chicago, IL 60606
(312) 422-1900

**WARRANTY DEED**

**ILLINOIS**

**STATUTORY**

＃ 8359

Doc#: 0633522008 Fee: $.00
Eugene "Gene" Moore
Cook County Recorder of Deeds
Date: 12/01/2006 09:28 AM Pg: 1 of 2

COPY

THE GRANTOR(S) STEVIE PORTER, a married man, of the City of Naperville,
County of DuPage, State of Illinois, for and in consideration of TEN & 00/100
DOLLARS, and other good and valuable consideration in hand paid, CONVEY and
WARRANT to **HARLAN HANBROUGH, of 9905 S. Commercial, Chicago, IL 60617,**
all interest in the following described Real Estate Situated in the County of Cook, in the
State of Illinois, to wit:

LOT 13 IN BLOCK 9 IN ENGLEFIELD, BEING A SUBDIVISION OF THE SOUTHEAST ¼ OF SECTION
30, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK
COUNTY, ILLINOIS.

SUBJECT TO:

*General real estate taxes not due and payable at the time of closings, covenants,
conditions and restrictions of record, building lines and easements, if any, so long as
they do not interfere with the current use and enjoyment of the real estate.*

hereby releasing and waiving all rights under and by virtue of the Homestead exemption
Laws of the State of Illinois. To have and to hold said premises forever.

Permanent Index Number(s):    20-30-401-032-0000
Address(es) of Real Estate:    7538 S. WOLCOTT AVENUE
                         CHICAGO, IL 60620

This is non-homestead property as to Stevie Porter

Dated: November 14, 2006

**STEVIE PORTER**

TCA 0608-08359

# EX. A

### Certificate of Service

The undersigned declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that he served the above and foregoing Defendant Harlan Hansbrough's Answer to Complaint, Affirmative Defenses, Counterclaim, and Cross-claim, upon the individuals identified on the service list below, via electronic notice pursuant to this court's procedures for electronic filing or by placing same in properly addressed envelopes with correct postage affixed thereto, and depositing same in the U.S. Mail at 230 West Monroe in Chicago, Illinois on or before the hour of 5:00 p.m. on May 19, 2008.

*/s/ James A. Larson*

**Service List:**

Carl B. Boyd, Esq.
Starks & Boyd, P.C.
11528 South Halsted St.
Chicago, IL 60628