**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LILLY JONES and | ) | |
| MICHAEL JONES | ) | 08 C 1310 |
| | ) | |
| PLAINTIFF | ) | JUDGE HIBBLER |
| Vs. | ) | |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| STEVIE PORTER, HARLAN | ) | |
| HANSBROUGH, AURORA LOAN | ) | |
| SERVICES, and MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEM, INC. | ) | |
| DEFENDANT | ) | |

**PLAINTIFFS, COUNTER-DEFENDANTS, LILLY JONES' and MICHAEL JONES' ANSWER TO DEFENDANT, COUNTER-PLAINTIFF , HARLAN HANSBROUGH AFFIRMATIVE DEFENSES,  COUNTERCLAIM AND CROSS CLAIM**

   **NOW COMES** the Counter-Defendants, LILLY JONES and MICHAEL JONES, by and through her attorney, Carl B. Boyd , of STARKS & BOYD P.C., to answer Hansbrough AFFIRMATIVE DEFENSES,  COUNTERCLAIM AND CROSS CLAIM. In response the Plaintiffs states as follows:

   1. Counter-Defendants, Lilly Jones and Michael Jones (hereinafter referred to as "Plaintiffs") admit paragraph 1 of Counter-plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

   2. Plaintiffs admit the allegations of paragraph 2 of Counter-plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

   3. Plaintiffs admit the allegations of paragraph 3 of Counter-plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

4. Plaintiffs admit the allegations of paragraph 4 of Counter-plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

5. Plaintiffs admit the allegations of paragraph 5 of Counter-plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

6. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Counter-Plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

7. Plaintiffs admit the allegations of paragraph 7 of Counter-Plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

8. Plaintiffs admit the allegations of paragraph 8 of Counter-Plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

9. Plaintiffs admit that a quit-claim deed was recorded in the Office of the Cook County Recorder of Deeds on July 26, 2004. However, Plaintiffs deny that they conveyed any interest, title, or rights in their property commonly known as 7538 S. Wolcott Ave. Chicago, IL.

10. Plaintiffs deny the allegations in paragraph 10 of Counter-Plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

11. Plaintiffs admit that a Warranty deed from Porter to Hansbrough was recorded.

12. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Counter-Plaintiff's Allegation Common to all Defenses, Counterclaims and Cross-Claims.

13. Plaintiffs admit a warranty deed was recorded.

## FIRST AFFIRMATIVE DEFENSE

## (ILLINOIS POWER OF ATTORNEY ACT)

14. Plaintiffs reincorporate their answers to paragraph 1-13 as expressly pled in this paragraph 14.

15. Plaintiffs admit the allegation of paragraph 15.  However, a broad "catchall" provision in a power of attorney does not generally expand specifically limited powers absent clear evidence of the principal's contrary intent. In re Guardianship of Mabry, 281 Ill. App. 3d 76, 84, 666 N.E.2d 16, 216 Ill. Dec. 848 (1996). Fort Dearborn Life Insurance Co. v. Holcomb,    316 Ill. App. 3d 485, 499, 249 Ill. Dec. 384, 736 N.E.2d 578 (2000).

16. Plaintiffs admit the allegation of paragraph 16.  However, Porter's POA did not contain any express language evidencing intent of Lilly Jones to give Porter any authority to handle any real estate matters. (Plaintiffs' Complaint Exhibit C)

17. Plaintiffs deny the allegation of paragraph 17.  Porter's POA did not make any reference to Real Estate or the property located 7538 S. Wolcott. (Plaintiffs' Complaint Exhibit C)

18. Plaintiffs deny the allegation of paragraph 18.  Absent such specificity, Porter's actions were outside the scope of authority given by the General Power of Attorney recorded on July 26, 2004.

19. The POA from the Plaintiffs to Porter was procured by fraud and deceptive practices.  In light of the foregoing, this affirmative defense should be stricken and Hansbrough should be denied the relief sought in this affirmative defense.

## SECOND AFFIRMATIVE DEFENSE

## (ESTOPPEL)

20. Plaintiffs reincorporate their answers to paragraph 1-13 as expressly pled in this paragraph 20.

21. Plaintiffs admit that Hansbrough visited the property only after he had purchased the home from Porter. Hansbrough never visited the Plaintiffs home prior to his purchase.

22. Plaintiffs deny ever allowing Hansbrough to walk through their home.

23. Plaintiffs deny the allegations of paragraph 23.

24. Plaintiffs deny the allegations of paragraph 24 as Hansbrough first entered the Plaintiffs home in November of 2006, after suspicious and questionable purchase.

25. Plaintiffs deny any memory of a conversation concerning selling their property to Hansbrough or renting the property from Hansbrough. The rental conversation commenced in November of 2006.

26. Plaintiffs deny the allegations of paragraph 26. Plaintiffs further aver that in November of 2006, Hansbrough informed the Plaintiffs that he was a Chicago Police Office and that they were to begin paying him rent or that he would put them out.

27. Plaintiffs deny the allegations of paragraph 27 as the issue of home ownership was never mentioned. Until November 2006.

28. The Plaintiffs informed Hansbrough of the loan from Porter and had no clue as to how Hansbrough became the owner of their house.

29. The deed from the Plaintiffs to Porter was procured by fraud and deceptive practices. The deed from Plaintiffs to Porter was actually an equitable mortgage which should be rescinded. In light of the foregoing, this affirmative defense should be stricken and Hansbrough should be denied the relief sought in this affirmative defense.

### THIRD AFFIRMATIVE DEFENSE
### (RATIFICATION)

30. Plaintiffs reincorporate their answers to paragraph 1-13 as expressly pled in this paragraph 30.

31. Plaintiffs admit the factual allegations contained in paragraph 31.

32. Plaintiffs admit the factual allegations contained in paragraph 32.

33. Plaintiffs admit that they agreed to pay the rent in amount of $1400.00 under protest. They were not aware that they were victim of a loan fraud and could protest the events which led to the loss of their home.

34. Plaintiffs admit the factual allegations contained in paragraph 34. Plaintiffs attended a housing seminar at Rainbow Push and discovered that they were the victims of a loan fraud and refused to pay rent to Hansbrough.

35. Plaintiffs admit the factual allegations contained in paragraph 35.

36. Plaintiffs deny ratifying the sale of their house to Hansbrough. The deed from the Plaintiffs to Porter was procured by fraud and deceptive practices. The deed from Plaintiffs to Porter was actually an equitable mortgage which should be rescinded. In light of the foregoing, this affirmative defense should be stricken and Hansbrough should be denied the relief sought in this affirmative defense.

## COUNTERCLAIM
## (UNJUST ENRICHMENT)

1. Plaintiffs reincorporate their answers to paragraph 1-13 as expressly pled in this paragraph 1

2. Plaintiffs admit that they owed a mortgage on the property but their original balance was $72,250.00 not $114,328.86.

3. Plaintiffs neither admit nor deny the factual allegations contained in paragraph 3 but demand strict proof thereof.

4. Plaintiffs admit the factual allegations contained in paragraph 4.

5. Plaintiffs admit the factual allegations contained in paragraph 5.

6. Plaintiffs neither admit nor deny the factual allegations contained in paragraph 6 but demand strict proof thereof.

7. Plaintiffs neither admit nor deny the factual allegations contained in paragraph 7 but demand strict proof thereof. Plaintiffs sole desire is regain control and possession of the title to their house.

8. Plaintiffs assert that they are willing to refinance the house for the balance they owed prior to Porter defrauding them out of the title and equity to their house.

9. Plaintiffs assert that they are willing to refinance the house for the balance they owed prior to Porter defrauding them out of the title and equity to their house.

WHEREFORE, Plaintiffs pray that this court:

a.   Deny and dismiss the unjust enrichment claim.

b.   Award the Plaintiffs cost and attorney fees to defend this action.

6

c.  Grant any further relief the court deems just.

## CROSS –CLAIM
### Breach of Warranty

This claim is asserted by Hansbrough against Porter only. The Plaintiffs are

not named as defendants. Therefore the Plaintiffs offer no response.

Submitted by

Lilly Jones and
Michael Jones

By: /s/ Carl B. Boyd # 6206607
Attorney

Starks & Boyd P.C.
Attorney for Plaintiffs, Jones
11528 S. Halsted
Chicago, IL 60628
(773) 995-7900

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LILLY JONES and ) | |
| MICHAEL JONES ) | 08 C 1310 |
| ) | |
| PLAINTIFF ) | JUDGE HIBBLER |
| Vs. ) | |
| ) | MAGISTRATE JUDGE SCHENKIER |
| STEVIE PORTER, HARLAN ) | |
| HANSBROUGH, AURORA LOAN ) | |
| SERVICES, and MORTGAGE ) | |
| ELECTRONIC REGISTRATION ) | |
| SYSTEM, INC. ) | |
| DEFENDANT ) | |

**Affirmative Defense**

1. That defendant, Harlan Hansbrough failed to comply with TILA and HORPA.

2. That Plaintiffs were not given financial disclosures (15 U.S.C. § 1638 and 12 C.F.R. §226.17-18), the special advances disclosures required by HOEPA (15 U.S.C. § 1639 and 12 C.F.R. § 226.23).

3. Because the Transaction was secured by the plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

4. Such right was never given by the Defendants.

5. Plaintiffs' conveyance to porter was intended as security in the nature of a mortgage pursuant to 735 ILCS 5/15-1207(c) and (e).

6. Every express executory agreement in writing by which contracting parties sufficiently indicate an intention to make a particular property therein described or identified a security for a debt, or by which instrument the party promises to convey or assign property as security, creates an **equitable** lien or **mortgage** on the property so described or indicated which is enforceable against such property. First Illinois Nat'l Bank v. Hans, 143 Ill. App. 3d 1033, 493 N.E.2d 1171 (1986).

8

7. Express words are not necessary to create an **equitable mortgage**; the only requirement is that it clearly appear from the document that the parties intended that an identifiable parcel of property "be held, given or transferred as security" for the payment of a debt. Hibernian Banking Association v. Davis, 295 Ill. 537, 544 (1920). Beelman v. Beelman, 121 Ill. App. 3d 684 (1984); Trustees of Zion Methodist Church v. Smith, 335 Ill. App. 233(1948).

8. Illinois courts have long adhered to the principle, referred to above, that a **mortgage** remains a **mortgage** until the right of redemption is barred by one of the modes recognized by law and have repeatedly stated that the parties cannot by an express stipulation in the **mortgage** transform the instrument into an outright conveyance upon default, which would operate to deprive the mortgagor of his redemptive rights. First Illinois Nat'l Bank v. Hans, 143 Ill. App. 3d 1033, 493 N.E.2d 1171 (1986). Williams v. Williston, 315 Ill. 178, 183 (1924) (statutory rights); Jackson v. Lynch, 129 Ill. 72, 86 (1889); Bearss v. Ford, 108 Ill. 16, 26 (1883).

9. That the transaction between Porter and Plaintiffs was an equitable mortgage.

10. Inherent in every mortgage, including equitable mortgages, is an equitable right of redemption, sometimes referred to as the equity of redemption. The equitable right of redemption arises at the time of default and generally lasts until such time as there is a foreclosure sale, after which the mortgagor can only redeem his property under the redemptive rights provided by statute. A mortgagor may not do so pursuant to a provision contained in the mortgage itself, regardless of how explicit its language may be. Any provision in the mortgage purporting to terminate the mortgagor's ownership in the case of failure to make payments when due is against public policy and is void. Once a mortgage, always a mortgage. It cannot be converted into an outright deed by the mere default of the mortgagor. No matter how the mortgage seeks to disguise an attempted waiver of the equitable right of redemption, the courts will strike it down. First Illinois Nat'l Bank v. Hans, 143 Ill. App. 3d 1033, 493 N.E.2d 1171 (1986).

11. That Porter never commenced foreclosure proceedings as required by law.

12. An agent has express authority when the principal explicitly grants the agent the authority to perform a particular act. Amcore Bank, N.A., v. Hahnaman-Albrecht, Inc., et al., 326 Ill. App. 3d 126, 135 (2nd Dist. 2001).

13. A broad "catchall" provision in a power of attorney does not generally expand specifically limited powers absent clear evidence of the principal's contrary intent. In re Guardianship of Mabry, 281 Ill. App. 3d 76, 84, 666 N.E.2d 16, 216 Ill. Dec. 848 (1996). Fort Dearborn Life Insurance Co. v. Holcomb, 316 Ill. App. 3d 485, 499, 249 Ill. Dec. 384, 736 N.E.2d 578 (2000).

14. Porter's POA did not contain any express language evidencing an intent of Lilly Jones to give Porter any authority to handle any real estate matters. (Plaintiffs' Complaint Exhibit C)

15. Porter's POA did not make any reference to Real Estate or the property located 7538 S. Wolcott. (Plaintiffs' Complaint Exhibit C)

16. Absent such specificity, Porter's actions were outside the scope of authority given by the General Power of Attorney recorded on July 26, 2004.

17. Absent valid authority, the Jones to Porter conveyance was fraudulent.

18. Because Defendant, Porter never had valid title, he could not convey title to Harlan Hansbrough.

**WHEREFORE,** Plaintiff, Counter-Defendants, Lilly Jones and Michael Jones., pray that this court enter an order dismissing Counter-Plaintiff, Harlan Hansbrough Counterclaim and for any other remedy the court deems just.

    Submitted by,

    /S/ Carl B. Boyd_____
    Carl B. Boyd #6206607

    Starks & Boyd P.C.
    Attorney for Defendants
    11528 S. Halsted
    Chicago, IL 60628
    (773) 995-7900