Order Form (01/2005)

# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1310 | **DATE** | 7/15/2010 |
| **CASE TITLE** | LILLY JONES, et al. v. STEVIE PORTER, et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Cross-claimant Lawyers Title Insurance Corporation's motion for summary judgment against Cross-defendant Stevie Porter. Status hearing is set for August 5, 2010 at 9:30 a.m.

■[ For further details see text below.]   Docketing to mail notice.

## STATEMENT

Plaintiffs Lilly and Michael Jones originally filed this lawsuit against Defendants seeking redress for Defendant Stevie Porter's allegedly wrongful acquisition of their real property through a quitclaim deed. The suit further alleged that Stevie Porter wrongfully conveyed the property to Defendant Harlan Hansbrough. In response to the lawsuit, Hansbrough filed a cross-claim against Porter alleging that Porter conveyed the property pursuant to a warranty deed and that Hansbrough was therefore entitled to a title free from encumbrances and challenges. The cross-claim sought recovery of the costs and fees Hansbrough expended to remove encumbrances associated with the suit. On November 12, 2009 the Court entered an agreed motion to dismiss all claims between the Plaintiffs and all Defendants except Porter. Then, on January 5, 2010, the Court substituted Defendant and Cross-claimant Lawyers Title Insurance Corporation (LTIC) for Hansbrough. LTIC now moves for summary judgment on the cross-claim.

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

Pursuant to Local Rule 56.2, LTIC provided Porter with a form "Notice to Pro Se Litigants Opposing Summary Judgment," warning him that if he failed to respond to LTIC's motion and the facts stated therein, the Court would "be forced to assume that [he did] not dispute the facts which [he had] not responded to." Nonetheless, Porter provided no response to the motion. Thus, the Court deems all of the facts submitted by LTIC and supported by the record as admitted by Porter. L.R. 56.1(a); *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

Therefore, Porter admits that he conveyed the property in question to Hansbrough pursuant to a warranty deed, thus warranting title to Hansbrough. (Def. Rule 56.1(a)(3) Statement of Material Facts ¶¶ 12, 13, & 16.) He also admits that LTIC has incurred a total of $21,006.60 in net fees and net costs in the defense of title to the property. (*Id.* at ¶ 18.)

According to Illinois statute, when Porter conveyed the property in question pursuant to a warranty deed he promised a title free of all encumbrances, "quiet and peaceable possession of the property," and "to defend the title…against all person who may lawfully claim the same." 765 ILCS § 5/9. LTIC argues that Porter must therefore pay the costs and fees it expended in defending the claims by Plaintiffs in order to clear the title of encumbrances. Historically, Illinois courts did not allow the grantee of a warranty deed to recover the costs and fees associated with successfully defending against claims to the property. *Nat'l Bank of Decatur v. Jack*, 78 N.E.2d 805, 806 (Ill. App. Ct. 1948); *see also Willets v. Burgess*, 34 Ill. 494 (1864) ("if [the grantee] has not been disturbed in the title, or has paid nothing to remove the incumbrance, he can only recover nominal damages for the breach"). But, in *Fechtner v. Lake County Savings and Loan Association*, the Illinois Supreme Court pointed out that the legislature amended the statutory language governing warranty deeds by adding promises that the grantee would enjoy "quiet and peaceable possession" and that the grantor would "defend the title." 66 Ill. 2d 128, 134-35, 361 N.E.2d 575, 578 (1977). These promises, the Court held, gave the grantee the right to "all reasonable security against loss or annoyance by litigation" and "to be reasonably sure that no flaw will come up to disturb [the title's] market value." *Id.* (internal quotations omitted). Thus, the Court held that even if the grantee maintained possession of the premises and paid nothing to remove an encumbrance, he or she may still be able to recover more than nominal damages. *Id.* The *Fechtner* Court did not indicate the nature or extent of such damages. *Id.* However, given its focus on the grantee's right to security against "annoyance by litigation" and on the grantor's promise to defend the title, the Court holds that LTIC may recover costs and fees in the instant action.

For these reasons, the Court GRANTS Cross-claimant LTIC's motion for summary judgment on the cross-claim. However, because this order does not resolve all of the remaining claims in this case, the Court orders all parties to appear for a status hearing on August 5, 2010 at 9:30 a.m.